Potter *v.* Sturdivant.

POTTER, *Judge, &c. vs.* STURDIVANT, *adm'r.*

A statute granting chancery powers to relieve against all penalties and forfeitures, in actions at common law, *it seems* may be allowed, if such is its general language, to operate upon penalties and forfeitures already incurred at the time of its enactment ; without violating the principle that vested rights are not to be disturbed ; the party injured having still the right to recover all which, in equity and good conscience, is due to him.

THIS was an action of debt on the bond given by *Sylvanus Drinkwater*, as administrator on the estate of *Pyam Prince*, for the benefit of whose children this suit was commenced against *Drinkwater's* administrator.

The ground of the plaintiff's claim, as indorsed on the writ, was for mismanaging and squandering the estate of *Prince.*

In a case stated for the opinion of the court, the point originally presented was, whether the administrator was justifiable in defending, at the expense of the estate, the action of *Daniel Drinkwater* against him in that capacity. That action was a writ of entry on a mortgage made by *Prince* to the demandant, and it was resisted by the administrator, representing creditors as well as heirs, on the ground that nothing was due to the mortgagee, and that the transaction was fraudulent and void. It is reported in 4 *Mass.* 354, where it appears that the defence was not admitted as legal, and it was said by *Parsons C. J.* that the administrator ought in equity to pay the costs of the defence out of his own pocket.

It was agreed in the present case that the defence of that action was advised by eminent counsel, and undertaken with the concurrence of all the guardians of *Prince's* children, they then being minors ; and that the expenses were charged and settled in the administration accounts, the first of which was settled in 1805, and the last in *October* 1808, on all which accounts notice was duly issued, and at the settlement of the last of which one of the guardians was present. The estate was represented insolvent.

The proceedings in the Probate office were referred to as parts of the case, and copies of them annexed ; and it was agreed that if the opinion of the court should be in favor of the plaintiff, the defendant should be defaulted and heard in chancery.

*Todd*, for the plaintiff, argued that the conduct of *Drinkwater*, in charging the expenses of defending the former suit to the estate of his intestate, and procuring the allowance of them by a decree of the Judge of Probate, after they had been declared chargeable in equity to himself alone, by the highest tribunal, was fraudulent ; and that a decree thus obtained, could not protect him. *Walker v. Witter Doug.* 5. On any principle the decree is no bar, its merits being examinable by this court whenever the record is before them, whether by appeal, or by suit on the bond. *Dean v. Dean 3 Mass.* 258. And he relied on the opinion of the court in *Drinkwater v. Drinkwater, admr. 4 Mass. 354*, as the ground of charging the administrator in this action.

On examination of the papers annexed to the statement of facts, it appeared that *Drinkwater* had never in fact returned any inventory of *Prince's* estate, according to the condition of his bond; but that the paper filed and recorded in the Probate office as an inventory, and made the basis of all the subsequent proceedings, was made out by three appraisers appointed and sworn by a Justice of the peace, before the grant of any administration, according to an irregular practice sometimes allowed at that day. This paper, however, contained a true list of all the estate which came to the hands of the administrator.

*Todd* hereupon contended that he ought not to be admitted to a hearing in chancery, the neglect to return an inventory being a forfeiture of the whole penalty of the bond, by *Stat.* 1786, *ch.* 55, *sec.* 2, which was in force when this bond was given. The right to this penalty was fixed at the time of the breach ; and it was not in the power of the legislature to take away or impair it by any subsequent statute. *Wales v. Stetson 2 Mass.* 146. 6 *Bac. Abr. Statute C. Calder & ux. v. Bull 3 Dal.* 397. *Vanhorne v. Dorrance 2 Dal.* 304. *Society &c. v. Wheeler 2 Gal.* 134. *Dash v.*

---

*Van Kleeck* 7. *Johns.* 477.    *Call v. Hagger & al.* 8 *Mass.* 423.
*Foster & al. Exr's v. The Essex Bank* 16 *Mass.* 271.

*Greenleaf,* for the defendant, contended that it was the duty of
the administrator to defend the suit brought upon the mortgage,
he being sued in that capacity, and representing creditors as well
as heirs; because, by proving that nothing was due, he would
have prevented the mortgagee from obtaining judgment. *Vose
v. Handy* 2 *Greenl.* 322.    Even the costs of suits commenced by
executors may be charged upon the assets in their hands, if pru-
dently commenced ; *Hardy v. Call* 16 *Mass.* 532.    *Brooks v.
Stevens* 2 *Pick.* 68 ; much more the costs of suits against them.

If the paper returned as an inventory is not a performance of
the letter of the condition of his bond, yet the defendant ought to
be admitted to a hearing in chancery ; this being a case to which
the *Stat.* 1786, *ch.* 55, *sec.* 2, was not intended to apply.    The
severe exaction of the whole penalty of the bond, authorized by
that statute, was enacted against the contemptuous refusal, or
grossly culpable neglect of an administrator to exhibit any account
whatever of his doings.    In such cases, if he had returned an in-
ventory, he was chargeable with its whole amount ; if not, he
was rendered liable to pay the whole penalty of his bond.    It
could never have been the intent of the legislature to inflict such
vengeance on an administrator who honestly endeavored to com-
ply with the law, and actually accounted for all the estate which
came to his hands.

But if such had originally been the intention of the legislature,
yet that statute is no longer in force.    The *Stat.* 1785, *ch* 22,
provided for a hearing in chancery after forfeiture found or con-
fessed, in every action on penal bonds.    By the *Stat.* 1786, *ch.*
55, an exception was introduced in certain cases of administra-
tion bonds; and this exception was repealed by *Stat.* 1816, *ch.*
94, which was re-enacted in our *Stat.* 1821, *ch.* 50.    The for-
feiture now claimed is in the nature of a fine or penalty for not
returning an inventory ; and is like the treble damages sometimes
given in certain cases of trespass, the right to which does not be-

come vested till action brought. No man's vested rights can be considered as disturbed so long as the tribunals are open for him to recover all which is due to him in equity and good conscience.

MELLEN C. J. in delivering the opinion of the court, observed that the statutes of 1786, *ch.* 55, and of 1816 *ch.* 94, were both expressly repealed by our statute of 1821, *ch.* 50; and the provision of the latter statute, directing the award of execution for such sum only as should be deemed reasonable, was wholly prospective. The question therefore is, whether the award of execution in this case depended on the general statute regulating judgments on penal bonds ;—or whether the right of the plaintiff to the whole penalty was secured by the saving clause in our general repealing act, passed in 1821, in these words,—" saving also to all persons all rights of action, in virtue " of any of the acts hereby repealed ; and all actions and causes " of action commenced in virtue of or founded on said acts, or " any of them, in the same manner as though this act or any acts " revising and virtually repealing said former acts had never " been passed." As the present action had not been commenced when that act was passed, it does not seem to fall under the last member of the sentence. Is the plaintiff's claim to the whole penalty secured under the words " saving also to all persons all " rights of action in virtue of any of the acts hereby repealed"? The construction contended for by the defendant does not take *away or impair the plaintiff's right of action.* He is still in this action, entitled to the full benefit of all that reason and justice can require. Besides, on looking into the statute of 1786, *ch.* 55, we perceive that his right of action does not depend on that statute, but existed independent of its provisions, as they manifestly shew. The act is entitled " an act for regulating the proceedings on " probate bonds in the courts of common law, and directing their " form in the Supreme Court of Probate." The first section prescribes the form of judgment ; and then, " as a directory for " what sum execution ought to be awarded upon an administration " bond, when it shall appear upon confession, verdict, demurrer, " or otherwise, that the penalty is forfeited," the second section

contains a variety of specific provisions as to the mode of ascertaining the amount for which execution shall issue in the cases mentioned. The preamble speaks of the manner in which judgments had been given before the law was passed ; and introduces some new modes of proceeding ; but it professes nothing more. Whether the plaintiff's right of action is founded on any other statute, or on the principles of the common law, is immaterial ; in either case the right of action is saved; but it is modified, both in the course of proceeding, and in the amount for which execution is to be issued. It can be no interference with the right of action, to reduce the costs of suit below their legal amount by the law in force when the right of action accrued ; nor is it a violation of any sound principle to mitigate the severity of a penalty, and award to the party injured as much as he deserves in equity and good conscience to receive. The grant of this chancery power as to penalties and forfeitures, and its operation upon those contracts where such penalties and forfeitures had been incurred before the power was given, seems to form an exception to the principle contended for by the plaintiff's counsel ; such a law does not appear to be retrospective and void ; nor to disturb any of those vested rights which are to be protected.

But it is not necessary to place the decision of this cause upon these principles, and this reasoning ; because the parties in this case have agreed, as we find in the statement of facts submitted to us, that if the court should be of opinion that the action is maintainable, the defendant should be defaulted and heard in chancery. If, therefore, the plaintiff had a right to the whole penalty, it is waived by this agreement.

On examination of the documents before us, it appears that a paper supposed to be an inventory, and treated as such, though not legal in its character and form, was regularly filed in the Probate office ; that it contained a true list of all the estate of the deceased; and that the administrator had fully accounted for all the property which came to his hands. And the decrees of the Judge of Probate, upon the accounts presented to him, having never been appealed from, are yet in full force, and not open to exami-

nation, even if improper credits had been allowed by the Judge. Such being the case, we think execution ought to be awarded for only one dollar, and the costs of this suit.